## WESLEY E. MORSE
### *vs.*
## MILDRED L. MORSE

Superior Court     Hartford County     File No. 60400

MEMORANDUM FILED DECEMBER 2, 1940.

*John P. Harbison,* of Hartford, for the Plaintiff.
*Day, Berry & Howard,* of Hartford, for the Defendant.

BOOTH, J. The action is for a divorce, based upon a charge in the first count of intolerable cruelty, and in the second count of constructive desertion, on the part of the defendant. The sole custody of a minor child is also sought by the plaintiff.

According to the evidence, it appears that the plaintiff and the defendant were married on December 25, 1919, at Davenport, Iowa, and soon thereafter removed to Connecticut, where they have since continuously resided. On October 23, 1921, a son was born of this union. He is still living and is now 19 years of age.

For about 15 years the parties lived a comparatively normal married life for people of their apparent temperaments. There was no evidence of any physical acts on the part of the defendant toward the plaintiff, except that on one occasion about five years ago she threw a glass of water in his face. The principal features of the defendant's conduct of which the plaintiff complains were that she criticized his friends, his parents and himself, that she acted hatefully, flew into rages of temper, stared at him balefully, and exhibited no

signs of affection toward him or their son. The plaintiff claims, that as a result of this conduct, he became mentally upset and nervous and that he lost weight and sleep and appetite. He also claims that because thereof he was justified in separating from the defendant on March 2, 1936.

The evidence offered by the plaintiff in support of his claim consisted largely of his own statements, which, if all were true, might perhaps furnish a proper basis for a con-clusion that the defendant was guilty of intolerable cruelty within the meaning of our law, but an analysis of the details thereof leads the court to a contrary conclusion. These state-ments were most general in character. Specific instances of claimed acts were few and far between, and many of the claimed criticisms of the defendant were not wholly without just cause. In the opinion of the court the plaintiff's conduct was not entirely free from blame. The "silent treatment" which he imposed upon the defendant for nearly two years before their separation could hardly be expected to engender expressions of love and affection on her part, or to modify her claimed hostility. Indeed, the court is far from satisfied that the defendant's conduct was the real cause of the differ-ences between the parties. In 1934 something apparently happened to change the plaintiff's desire to longer continue his marital relations with the defendant. What this was did not clearly appear. The claim of the plaintiff that it was the persistent attitude of hostility on the part of the defendant is found not to have been sustained. Before the trial, the defendant, on two occasions, expressed herself as being not only willing but anxious to renew her marital rela-tions with the plaintiff, and is apparently steadfast in such desire. The plaintiff, however, has evidently determined to obtain freedom from the responsibility of such union if pos-sible. In the opinion of the court, this desire on the part of the plaintiff has caused him to magnify and multiply the claimed acts of the defendant and the effects thereof upon his physical and mental well being. In any event, it is found that such acts as the defendant in fact performed did not constitute intolerable cruelty and did not justify the plaintiff's removal from their home.

Judgment may therefore enter for the defendant upon the issues of both counts in the complaint and that such complaint be dismissed.